IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MCCLAIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-CV-1465 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| TREVOR WINGARD; | ) | |
| DISTRICT ATTORNEY OF ALLEGHENY | ) | Re: ECF No. 3 |
| COUNTY; *and* | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 3, filed by William McClain ("Petitioner") should be dismissed, as the claims raised within it are facially unexhausted. Dismissal should be without prejudice to refiling if, and when, Petitioner has exhausted his state court remedies, if appropriate. Finally, it is recommended that a certificate of appealability should be denied.

**II.    REPORT**

**A.  Relevant Procedural History**

This Court received the Petition on September 23, 2025. ECF No. 1. In the Petition, Petitioner complains of his June 5, 2025, conviction and sentence for Escape, Aggravated Assault, and Resisting Arrest, in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 3 at 1. See also Docket, Com. v. McClain, No. CP-02-CR-1546-2025 (C.C.P. Allegheny Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?dock

etNumber=CP-02-CR-0001546-2025&dnh=BxYMhqq8vlE2LIxm87ftPA%3D%3D (last visited

Oct. 7, 2025)).  Petitioner pleaded guilty to these crimes.  Id.

According to the state court docket, of which this Court takes judicial notice, Petitioner

did not appeal from his conviction and sentence, nor has he filed a petition collaterally attacking

his conviction and sentence pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"),

42 Pa. C.S.A. § 9541, et seq.  Petitioner does not dispute this fact in his Petition.  On the

contrary, Petitioner appears to believe that doing so only would serve to delay his habeas

petition.  ECF No. 3 at 7.

All of Petitioner's three asserted ground for relief at least touch on allegations of

ineffective assistance of counsel  Id. at 5, 7, and 8.

### B.  Legal Analysis

Federal district courts have a pre-service duty to screen and summarily dismiss habeas

petitions that plainly show the petitioner is not entitled to relief.  See Rule 4 of the Rules

Governing Section 2254 Cases In the United States District Courts.

A federal habeas petitioner must complete the exhaustion of his available state-court

remedies before a federal district court may determine the merits of his habeas claims.  This

exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts
> of the State[.]

The requirement is "grounded in principles of comity; in a federal system, the States should have

the first opportunity to address and correct alleged violations of state prisoner's federal rights."

Coleman v. Thompson, 501 U.S. 722, 731 (1991).

In order to comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review.  See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (abrogated on other grounds by Beard v. Kindler, 130 S. Ct. 612, 618 (2009)); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest available court before exhaustion will be considered satisfied.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

A petitioner shall not be deemed to have exhausted state remedies, if he has the right to raise his claims by any available state procedure.  28 U.S.C. § 2254(c).  The petitioner has the burden of establishing that the exhaustion requirement has been met.  Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Here, it is clear from the face of the Petition and the state court docket in Petitioner's underlying criminal case that Petitioner has failed to exhaust his state court remedies.  It also appears that the one year statute of limitations for Petitioner to file a PCRA petition in state court has not yet lapsed. 42 Pa. C.S.A. § 9545(b).

Additionally, a stay of this federal habeas proceeding while Petitioner attempts to exhaust is not appropriate.  First, Petitioner has not sought a stay.  Second, there currently are no PCRA proceeding pending.  Third, Petitioner has not shown that there was good cause for his failure to exhaust in state court.  Rhines v. Weber, 544 U.S. 269, 277 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and

abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Accordingly, given that dismissal should be without prejudice to Petitioner refiling after he exhausts his state court remedies, if appropriate, no stay is warranted here.

Finally, a certificate of appealability should be denied, because jurists of reason would not find it debatable whether the Petition should be dismissed without prejudice. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 3, should be dismissed. Dismissal should be without prejudice to refiling if and when Petitioner has exhausted his state court remedies, if appropriate. Finally, it is recommended that a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report must be filed by the date set forth on the docket. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October ___7___, 2025                    Respectfully submitted,

                                                MAUREEN P. KELLY
                                                UNITED STATES MAGISTRATE JUDGE

4

cc:    Hon. Arthur J. Schwab
       United States District Judge


       WILLIAM MCCLAIN
       #193928
       ALLEGHENY COUNTY JAIL
       POD 3B
       950 Second Avenue
       Pittsburgh, PA 15219